UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CORIELLE JOHNSON,

                Plaintiff,                Case No. 2:14-cv-85

v.                                              Honorable R. Allan Edgar

THOMAS MACKIE,

                Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Mackie, Kent and Russell. The Court will serve the complaint against Defendants Tribley, Chappel, Haataja, Frechen, Casper, and Maki.

**Discussion**

    I.       Factual allegations

Plaintiff Corielle Johnson, a state prisoner currently confined at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Thomas Mackie, Deputy Warden Ken Tribley, Captain Penny Chappel, Sergeant Unknown Haataja, Lieutenant Unknown Frechen, Unknown Casper, R.N., Corrections Officer Unknown Maki, Unknown Parties Responding ERT Team Members, Grievance Specialist Unknown Kent, and Head of Grievance Department Richard Russell.

In Plaintiff's complaint, he alleges that on June 19, 2013, he spoke to Defendant Frechen about the custom of placing exhibitionist prisoners, also known and "gunslingers," in restraints. Plaintiff told Defendant Frechen that they had better not place in him in restraints because as long as he took his paper out of his cell window he could not be considered a threat. Defendant Frechen responded by calling Plaintiff "Jack off Jay," and threatening Plaintiff with being placed in restraints.

On June 24, 2013, Plaintiff yelled to Corrections Officers that he needed his law books because he had a July 5, 2013, deadline. Defendant Maki yelled back, stating that he had already passed the law books out. Plaintiff responded by stating that he would contact the law library to find out if they had sent the books, and that if they had, he would write Defendant Maki up for interfering with Plaintiff's access to the courts. Defendant Maki replied "Oh yeah, I'll bring you the grievance and something else to grieve." Later that day, Defendant Maki arrived at Plaintiff's door while Plaintiff had the window covered with a paper. Defendant Maki ordered Plaintiff to uncover

the window, and Plaintiff explained that he was using the toilet and would remove the paper afterward. Defendant Maki threatened to come into Plaintiff's cell and place him in restraints.

Plaintiff finished using the toilet and was washing up when Defendant Haataja arrived at Plaintiff's cell. Plaintiff said he needed to get his boxer shorts on, and uncovered the cell window so that Defendant Haataja could see the wet towel and suds on the floor. Plaintiff explained that he was not masturbating, but Defendant Haataja stated that Plaintiff was going to receive a ticket and be placed in restraints.

Shortly thereafter, Defendants Chappel, Frechen and Haataja arrived with a move squad and handheld camera. When the arrived there was no paper on the window and Plaintiff was cleaning his cell floor. Plaintiff was told that Defendant Tribley had approved the use of chemical agents and that they were going to perform a strip search on him. Plaintiff alleges that he was forced to grab his "manhood" and then place his fingers in his mouth. Plaintiff was then instructed to bend over and spread his buttocks. After complying with the search, Plaintiff was placed in leg irons and handcuffs and was forced to Health Care wearing only his boxers. Plaintiff was placed on a table on his stomach, his hands were placed in leather straps and attached to a chain, that attached to a belly chain with an elongated chain extending down like a tail. Plaintiff's ankles were confined in a chain with a loop in the middle. Then the "tail" chain was pulled through the loop and pulled taut, preventing Plaintiff from standing upright, using the toilet, feeding himself, or having any movement without being stooped over. Plaintiff was left in these restraints for 15 hours, was not offered water or a bathroom break, nor was he given any help with eating. Plaintiff's back and thighs were in pain and he had to urinate on the floor. Plaintiff was unable to have a bowel movement, which caused

his stomach to hurt. Plaintiff asserts that his right hand had been injured a month earlier and was in pain the entire 15 hours.

On June 25, 2013, Defendant Casper made rounds and was due to check Plaintiff's restraints. Plaintiff yelled that he needed to have his restraints released. Defendant Casper opened Plaintiff's window flap and stated that he should not have been "jacking off." During this time, Plaintiff pulled his neck, right shoulder and upper back. Each time Defendant Casper made rounds, Plaintiff attempted to stop him, but Defendant Casper merely told Plaintiff to submit a kite. Defendant Casper was required to check Plaintiff's restraints periodically, but refused to do so and failed to respond to Plaintiff's complaints of pain. Plaintiff states that because of his paper restriction, he could not submit a kite. Finally, on July 7, 2013, Unknown Finegan, R.N., had Plaintiff placed on callout and gave Plaintiff some pain medication.

Plaintiff claims that Defendants violated his rights under the First, Eighth and Fourteenth Amendments. Plaintiff seeks damages.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Court notes that Defendants Mackie, Kent and Russell were not personally involved in the underlying misconduct in this case. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the

party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims

cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Mackie, Kent and Russell were personally involved in the activity which forms the basis of his claim. The only roles that Defendants Mackie, Kent and Russell had in this action involved the denial of administrative grievances or the failure to act. Defendants Mackie, Kent and Russell cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants Mackie, Kent and Russell are properly dismissed for lack of personal involvement.

After reviewing Plaintiff's complaint, the Court concludes that Plaintiff has set forth nonfrivolous claims against the remaining Defendants for violations of his First, Eighth and Fourteenth Amendment rights.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Mackie, Kent and Russell will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Tribley, Chappel, Haataja, Frechen, Casper, and Maki.[1]

An Order consistent with this Opinion will be entered.

Dated: 9/19/2014          */s/ R. Allan Edgar*
                          R. ALLAN EDGAR
                          UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff names "Responding ERT Team Members" as Defendants in this case. However, the court is unable to serve unidentified parties. Therefore, these "Unknown Parties" are not proper parties to this action.